
## MERRILL vs. TOWNSEND & BONNEY.

Exemption from imprisonment on execution, under the act to abolish imprisonment for debt and to punish fraudulent debtors, extends to a decree against the complainant for costs on the dismissal of a creditor's bill, filed for the purpose of obtaining satisfaction of a judgment founded on contract.

Where the supreme court has given a judicial construction to a provision of a recent statute, that decision, if not clearly wrong, should be followed by the court of chancery; so that different rules of construction may not prevail in the courts of law and equity in relation to the same statutory provisions.

In the court of chancery, the registers and clerks are not authorized to issue any process in blank, to be filled up by the solicitor; except process to appear and answer to bills, and process to compel the attendance of witnesses.

Process should be tested on the day on which it is sealed by the register or clerk in chancery, and if not served before the return day an alias should be procured, on the filing of the same with the sheriff's return; or new process may be obtained, upon the affidavit of the solicitor that the former process has not been used, or executed.

The solicitor has no authority to alter the test of an execution in the court of chancery.

March 3.　　THIS was an appeal from an order of the vice chancellor of the seventh circuit. The complainant was a judgment creditor of the defendant Townsend, and filed his bill in this cause to reach property which could not be levied on by execution; which property the complainant alleged was fraudulently conveyed to Bonney, the other defendant. The bill having been dismissed, with costs, the defendants sued out an execution against the body of the complainant, to recover such costs, and caused him to be imprisoned thereon. The vice chancellor decided that it was a case coming within the provisions of the first section of the act to abolish imprisonment for debt, and to punish fraudulent debtors; (*Laws of* 1831, *p.* 396.) And he set aside the execution, with costs. There was also an alleged irregularity, in the altering of the test of the execution after it was issued by the clerk.

*H. Welles,* for the appellants.

*R. N. Morrison,* for the respondent

1835.
Merrill
v.
Townsend.

THE CHANCELLOR. This suit was instituted for the recovery of money due upon a judgment founded on contract; and if there had been a decree against the defendants, or either of them, for the payment of any part of the complainant's debt or costs, the defendants could not have been arrested or imprisoned upon an execution founded on such decree. Such a case would be both within the letter and the spirit of the first section of the act to abolish imprisonment for debt, and would not come within either of the exceptions contained in the second section of the act. Whether the legislature intended to exempt the plaintiffs or complainants, in such suits as are mentioned in the first section of the act, from imprisonment for the non-payment of the costs, if the decision was against them, is a question which admits of some doubt. But in the case of *The People ex relat. Richardson* v. *Onondaga C. P.* (9 *Wendell*, 430,) the supreme court decided that exemption from imprisonment extended to a judgment for costs in a suit founded on a contract.[a] And I think the vice chancellor was right in following that decision in the present case; so that different constructions might not be given by the courts of law and equity to the same statutory provision.

There was also a technical irregularity in this case, in the alteration of the execution after it was issued by the clerk. In this court no process issues in blank, to be filled up by the solicitor, except process to appear and answer to bills, and process to compel the attendance of witnesses. All other process must be issued under the immediate direction of the register, assistant register or clerk, in whose office the decree or order authorizing the issuing of such process is entered; who is bound to see that no process passes the seal of his office, unless the same is duly authorized. Injunctions, executions and other process issued by the register or clerk should be tested on the day on which the same is sealed by him; and a memorandum of the issuing thereof should be entered in his minutes of causes. The solicitor, in the present case, instead of altering the teste of the execution, should have filled up the return day, which the clerk had left in blank, with

(a) See also *Exparte Beatty*, (12 *Wendell*, 229, S. P.)

such a day, either in vacation or term, as would have given the officer to whom the execution was delivered ample time to serve the same. And if the process could not be executed before the return day, an alias would have been issued by the clerk, on filing the original process with the sheriff's return; or a new execution might issue of course, without such return, upon the affidavit of the solicitor that the former one had never been served or executed.

The order of the vice chancellor is affirmed, with costs.